**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-3202
_____

IN RE: CRAIG M. HENDRICKS,
                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
District Court of the Virgin Islands
(Related to Crim. No. 1:04-cr-00005-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
November 25, 2025
Before: CHAGARES, Chief Judge, HARDIMAN and SCIRICA, Circuit Judges

(Opinion filed December 16, 2025)
_____

OPINION[*]
_____

PER CURIAM

Craig M. Hendricks has filed a petition for a writ of mandamus. For the reasons

below, we will deny the petition.

Hendricks is serving a sentence of 40 years in federal prison for conspiracy to

import drugs, to distribute drugs, and to launder money. After we affirmed his conviction

and sentence on appeal, see United States v. Fleming, 287 F. App'x 150, 155 (3d Cir.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

2008), Hendricks filed a motion to vacate his conviction pursuant to 28 U.S.C. § 2255 which was denied in September 2018.  He also filed motions to supplement his § 2255 motion.  In July 2025, the District Court denied Hendricks's supplemental § 2255 claims as well as other related motions.

Hendricks has continued to file motions challenging his conviction in the District Court.  He has now filed a mandamus petition in which he requests that we order the District Court to act on his pending motions.  The oldest motion at issue has been pending only since late August 2025.[1]

The writ of mandamus will issue only in extraordinary circumstances.  See Sporck v. Peil, 759 F.2d 312, 314 (3d Cir. 1985).  As a precondition to the issuance of the writ, Hendricks must establish that there is no alternative remedy or other adequate means to obtain the desired relief and must demonstrate a clear and indisputable right to the relief sought.  Kerr v. U.S. Dist. Ct., 426 U.S. 394, 403 (1976).  As a general rule, the manner in which a court disposes of cases on its docket is within its discretion.  See In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982).  Nonetheless, mandamus may be warranted where a District Court's "undue delay is tantamount to a failure to exercise jurisdiction."  Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

---

[1] While Hendricks describes a motion filed in October 2024 as still pending, that motion was resolved in the District Court's July 2025 order.  And his March 2025 notice to the Department of Justice complaining of judicial misconduct does not require resolution by the District Court.

The delay here is not sufficient to warrant mandamus relief. We are confident that the District Court will adjudicate Hendricks's motions within an appropriate time. Accordingly, we will deny the petition for a writ of mandamus.